DANFORTH, J., did not sit.

---

WESTON LEWIS and another

*vs.*

FREDERICK LATNER and trustees.

Cumberland.   Opinion July 30, 1881.

*Insolvent law.   Stat. 1878, c. 74.   R. S., c. 70.   Trustee process.*

The insolvent law repealed chapter 70, of the Revised Statutes. And a person summoned as trustee, who holds goods, effects and credits of the principal defendant, by virtue of an assignment for the benefit of creditors, under R. S., c. 70, will be charged as trustee.

ON REPORT.

72  487
76  291
76  294

Assumpsit on account annexed for two hundred and eighty-one dollars and ninety-one cents.   *Ad damnum,* six hundred dollars. Service was made on two of the trustees July 25, 1879, and on the third, August 21, 1879.

June 30, 1879, the defendant made an assignment to one of the trustees under R. S., c. 70, for the benefit of creditors, and all the goods, effects and credits in the hands of either of the trustees, were held by virtue of that assignment.   A portion of the creditors, about forty in number, became parties to the assignment.   The plaintiffs were not parties.

*Strout and Holmes,* for the plaintiffs.

*Walker and Cram,* for the trustees.

If c. 70, R. S., 1871, is repealed by c. 74, laws 1878, this assignment would still be good at common law, as previous to service of the writ upon F. O. Bailey and C. W. Allen, trustees, July 25, 1879, creditors whose debts amounted in the aggregate to eleven hundred and seventy dollars and sixty-nine cents, had become parties to the assignment, and subsequent, but prior to

the service upon E. B. Cram, the other trustee, August 21, 1879, the entire amount of the debts due to creditors who had become parties thereto, was nineteen hundred and sixty-nine dollars and fifteen cents, a sum much larger than the entire amount then in the trustees' hands. ' *Jewett* v. *Barnard*, 6 Maine, 381 ; *Copeland* v. *Weld*, 8 Maine, 411 ; *Fox* v. *Adams*, 5 Maine, 245 ; *Canal Bank* v. *Cox*, 6 Maine, 395.

Assignment at common law is avoidable only at the suit of the assignee of the debtor in insolvency or bankruptcy, except there be proof of that which would constitute fraud at common law. *National Mechanics' and Traders' Bank* v. *Eagle Sugar Refinery and Trustees*, 109 Mass. 38 ; *May* v. *Wannemacher*, 111 Mass. 202.

It is for the plaintiff to prove his allegation, not for the trustee to disprove. *Cardany* v. *New England Furniture Co. and Trustee*, 107 Mass. 116.

The assignment if voidable is not void, and the possession of the goods and estate of the principal defendant by E. B. Cram, the assignee, would therefore be a rightful possession. Bailey and Allen, the other trustees, received possession of the goods in question from Cram, the assignee holding under the assignment to him, and selling and accounting for the proceeds to him as assignee, and therefore would not be liable as trustees in a suit against the principal defendant, Latner. *Sprague* v. *Steam Navigation Co.* 52 Maine, 592 ; *Pettingill* v. *Androscoggin Railroad Co.* 51 Maine, 370.

WALTON, J.    The only question submitted to the law court in this case is whether the trustees are chargeable ; and the answer to this question depends upon whether the insolvent law of 1878, repealed chapter 70 of the Revised Statutes of 1871 ; and this last question was answered in the affirmative in *Smith* v. *Sullivan*, 71 Maine, 150.    Consequently, the trustees must be charged. The amount will be determined and apportioned among the several attaching creditors at *nisi prius*.

                                    *Trustees charged.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.